DAN SIEGEL, SBN 56400
SONYA MEHTA, SBN 294411
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, CA  94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
danmsiegel@gmail.com
sonyamehta@siegelyee.com

Attorneys for Plaintiff
CATHY NEUSHUL

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY NEUSHUL,<br><br>    Plaintiff,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Defendants. | Case No. 2:15-CV-06286-FMO-AS<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>**Case Filed: August 18, 2015**<br>**Trial: January 10, 2017** |

## INTRODUCTION

Defendant The Regents of the University of California at Santa Barbara discriminated against women athletes and their coach, plaintiff Cathy Neushul. When Neushul complained about this discrimination, The Regents demoted her.

Neushul made several protected statements where she specifically

---

*Neushul v. The Regents, et al.*, Case No. 2:15-CV-06286-FMO-AS
Plaintiff's Supplemental Memorandum in Support of Opposition to Motion for Summary Judgment – 1

complained that UCSB provided more funding and scholarships to the Men's Water Polo team and staff, using money extracted from the Women's Water Polo budget. The Regents paid the male coach of Men's Water Polo $40,000 from the women's budget to do nothing for the women.

The Regents misrepresented this spending to the federal government, claiming it benefitted the women when it did not. It proffered a host of pretextual reasons for demoting Neushul in order to hide its unlawful acts.

I. **Neushul's Protected Acts under Title IX, FEHA, and 1102.5.**

a. **Neushul Complained about Discrimination towards Women.**

Neushul specifically put gender at issue in her complaints by complaining about disparities in The Regents' treatment of men and women. This speech is protected under Title IX, FEHA, and 1102.5. "When [she] saw the difference in the two [male and female budgets], the disparity in [her] salary," she asked "what that disparity was." (Ex. 25 at 213). She said the Director of Water Polo position was not "beneficial to women's water polo." (Ex. 25 at 216, 218-19).

When she complained that men received more scholarships than women, Massari told her "the men had more scholarships that the women's because they had to play more difficult teams." (Ex. 25 at 233, 236). She complained that the women saw no benefit from U.C. sponsored camps. (Ex. 25 at 234). Neushul's statements specifically raise issues of gender discrimination.

b. **Evidence Supported Massari's Knowledge, a Question of Fact.**

The Regents contend that Massari was not aware of Neushul's protected speech but this contention creates a genuine dispute of fact.

> "Where defendants 'contend that they had no knowledge of such alleged speech until after seeking to discipline (employee) Marable and that they had separate and distinct material grounds for disciplining Marable, we must at this stage view the evidence in the light most favorable to Marable as the nonmoving party, (and) conclude that there remains a genuine issue of material fact on the causation element…mandating resolution of the First

---

*Neushul v. The Regents, et al.*, Case No. 2:15-CV-06286-FMO-AS
Plaintiff's Supplemental Memorandum in Support of Opposition to Motion for Summary Judgment – 2

Amendment claim by a jury.'" *Marable v. Nitchman* (9th Cir. 2007) 511 F.3d 924, 930.

Also, issues of credibility and state of mind are for the trier of fact. *Sischo-Nownejad v. Merced Comm. College Dist.* (9th Cir. 1991) 934 F.2d 1104, 1111.

Here there is ample evidence that Massari did know about the acts. Neushul testified that she made these statements to Massari. (Ex. 25 at 230, 231, 232-33, 234). O'Brien recalled Neushul questioning Massari about Wigo's role. (Ex. 26 at 268). Levoff recalled that Neushul would tell him about complaints she had made in budget meetings regarding not being on "equal footing with the men." (Ex. 29 at 520). In addition, this is an issue of credibility for the jury.

### c. Neushul Reasonably Believed She Disclosed Unlawful Acts.

A whistleblower under 1102.5 need only have "reasonable cause to believe" that the information they provide discloses a violation of law. Cal. Labor Code § 1102.5; *Devlyn v. Lassen Mun. Util. Dist.* (E.D. Cal. 2010) 737 F. Supp. 2d 1116, 1124. The Regents contend, without supporting authority or evidence, that Neushul did not disclose violations of the law and thus her 1102.5 claim must fall.

Neushul testified that following the budget meeting where she "aggressively argued the disparities," she told O'Brien that "this doesn't seem right for the women, that I don't even know if this is legal." (Ex. 25 at 248-49). The Regents' misrepresentation of its funding distribution on its Equality in Athletics Act report to the federal government provides reason to believe The Regents committed unlawful acts. (Ex. 27 at 382).

The above demonstrates that Neushul reasonably believed her statements disclosed violations of Title IX concerning gender equality.

## II. The Regents' Pretextual Reasons for Demoting Neushul.

Neushul has previously presented overwhelming evidence that The Regents' proffered reasons for demoting her are pretextual. The Regents stated that one of the reasons to demote Neushul was the attrition rate from her team. However,

---

*Neushul v. The Regents, et al.*, Case No. 2:15-CV-06286-FMO-AS
Plaintiff's Supplemental Memorandum in Support of Opposition to Motion for Summary Judgment – 3

Neushul and Levoff testified that the number of players who quit was the same as when Neushul was Assistant Coach, and the University did not discipline her then. (Ex. 25 at 230, Ex. 29 at 516; Ex. 27 at 152-53; Ex. 26 at 264; Ex. 28 at 485-86). Here, there is a genuine issue of material fact as to whether The Regents demoted Neushul because of her protected acts.

## CONCLUSION

For the foregoing reasons, and the arguments previously presented in Neushul's opposition brief, plaintiff Coach Neushul respectfully requests that this Court deny defendant The Regents' motion for summary judgment.

Dated: October 20, 2016

SIEGEL & YEE

By: /s/ Sonya Z. Mehta
Sonya Z. Mehta

Attorneys for Plaintiff
CATHY NEUSHUL

*Neushul v. The Regents, et al.*, Case No. 2:15-CV-06286-FMO-AS
Plaintiff's Supplemental Memorandum in Support of Opposition to Motion for Summary Judgment – 4