UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CATHY NEUSHUL, | ) | Case No. CV 15-6286 FMO (ASx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER RE: FIRST PRETRIAL CONFERENCE** |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, | ) | |
| Defendant. | ) | |

Having reviewed the parties' pretrial filings and pursuant to the pretrial conference held on February 2, 2018, the court concludes that the parties must meet and confer again and revise the pretrial documents as set forth below.[1] Accordingly, IT IS ORDERED THAT:

1. The parties shall meet and confer in person at a location within the Central District of California, chosen by plaintiff, on **Monday, February 5, 2018**, at **10:00 a.m.**, unless mutually agreed upon otherwise. The entire meet and confer shall be transcribed by a court reporter, the cost of which shall be divided equally by the parties. The transcript shall be lodged with the court by no later than **noon** on **Wednesday, February 7, 2018**. If the transcript does not demonstrate a good faith effort to comply with this Order and resolve all of the outstanding issues, sanctions may be imposed.

---

[1] To the extent that there is any conflict between this order and what was said on the bench during the pretrial conference, this order controls.

2. During the meet and confer, the parties must discuss, at a minimum, the: (a) joint statement of the case; (b) proposed pretrial conference order, including stipulated facts; (c) pretrial exhibit stipulation; (d) proposed joint and disputed jury instructions; and, (e) special verdict form. The parties should also discuss plaintiff's California Labor Code § 1102.5 claim.

3. The parties shall revise and re-file their pretrial documents in accordance with the requirements set forth below. Note that this order may set forth some different and some additional requirements than those contained in the Local Rules. Failure to comply with these requirements may result in the imposition of sanctions and/or the dismissal of this action for lack of prosecution.

A. <u>Joint Statement of the Case</u>.

No later than the date set forth below, counsel shall file an objective, non-argumentative statement of the case, which the court shall read to all prospective jurors at the beginning of voir dire. The statement should not exceed one page.

B. <u>Pretrial Conference Order</u>

The format of the proposed final Pretrial Conference Order shall conform to the format set forth in Appendix A of the Local Rules. In revising the proposed Pretrial Conference Order, the parties shall attempt to agree on and set forth as many undisputed facts as possible. The court will usually read the undisputed facts to the jury at the start of trial. A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase the jury's understanding of the case. In the revised Pretrial Conference Order, the parties shall take into account the court's tentative time allocation of 7 hours for each side, excluding opening and closing.

Plaintiff shall provide at least one-hundred (100) proposed stipulated facts to defendant, via e-mail, by no later than **February 3, 2018**, at **noon**. Defendant shall provide and explain any objections to the proposed stipulated facts to plaintiff, via e-mail, by no later than **February 4, 2018**, at **noon.**

The parties will remove any redundant or extraneous material, including any objections that have already been preserved for appeal and make any other appropriate updates throughout the

document to reflect the court's rulings and/or agreements by the parties. The parties shall further revise the pre-trial conference order as follows:

    1. In section 3, the parties shall revise the trial estimate to reflect the time limits of seven (7) hours per side, excluding opening statements and closing arguments.

    2. In section 5, the parties shall attempt to agree on and set forth as many non-contested facts as possible.

    3. In section 7, the parties shall cite to standard jury instructions, and where not available, to Ninth Circuit or California published appellate decisions. The parties shall revise section 7 so that each claim is immediately followed by the elements of that claim and the evidence establishing the elements. Under each claim, plaintiff shall list either the pattern jury instruction or the case that sets out the elements of the claim. Plaintiff must also list and cite to the page number of the operative complaint where the claim was asserted.

Defendant shall set forth its affirmative defenses in the same format as plaintiff. Defenses should not be included in the proposed Pretrial Conference Order. Under each affirmative defense,[2] defendant shall list either the pattern jury instruction or the case that sets out the elements of the affirmative defense. For each affirmative defense that is not enumerated in Rule 8(c) of the Federal Rules of Civil Procedure, defendant shall provide authority (with a pincite and quote in a parenthetical for case authority) establishing that the defense constitutes an affirmative defense within the meaning of Rule 8 of the Federal Rules of Civil Procedure. Defendant must also list and cite to page number of the operative pleading where the affirmative defense was asserted. This section may not contain any legal argument or rhetorical statements.

---

[2] Affirmative defenses are "those matters on which the Defendant bears the burden of proof. They are matters which would defeat Plaintiff's claim even if Plaintiff established the elements of the claim." Local Rules, Appendix A.

    C. <u>Pretrial Exhibit Stipulation</u>.

  The parties shall revise and narrow the Pretrial Exhibit Stipulation to include **only those exhibits that the parties intend to introduce into evidence**. The parties shall stipulate to the authenticity and foundation of exhibits whenever possible, and the Pretrial Exhibit Stipulation shall identify any exhibits to which authenticity or foundation have not been stipulated and the specific reasons for the parties' failure to stipulate. Do not submit blanket or boilerplate objections to the opposing party's exhibits. Each objection must include the grounds for the objection (<u>e.g.</u>, a Federal Rule of Evidence) and an explanation of why the disputed exhibit is not admissible. Objections that merely set forth a rule of evidence without explanation, <u>e.g.</u>, "Hearsay, 403," will be overruled. All withdrawn exhibits shall be removed from the document. Exhibits that were not included as part of the initial Pretrial Exhibit Stipulation or the Motions in Limine will not be allowed in the revised pretrial exhibit stipulation.

  The parties shall file at the time the transcript is lodged a document entitled, "Joint Meet and Confer Index Re: Pretrial Exhibit Stipulation," setting forth every <u>disputed</u> exhibit along with a citation to the page and line number in the transcript where the disputed exhibit was discussed. The parties shall also set forth their positions as to why each disputed exhibit is admissible or inadmissible, including citations to applicable case law and the record. Any disputed exhibit that is not adequately discussed in the meet and confer may be excluded.

  To the extent possible, the parties shall revise the Pretrial Stipulation to comport with the court's rulings with respect to the Motions in Limine. The court advises the parties that for any composite exhibit the parties seek to introduce, for which they are unable to reach an agreement upon, the party will need to establish the admissibility of each portion of the file.

  The court makes the following determinations with respect to the parties' joint pretrial exhibit stipulation. These determinations shall be reflected in the revised Pretrial Exhibit Stipulation submitted to the court. For the reasons set forth on the record, the following is excluded:

    1. Any exhibits not disclosed in a timely manner.

    2. Any exhibits related to parent complaints about plaintiff.

          3. Any exhibits related to the Santa Barbara Aquatics Club Team.[3]

    D.     <u>Jury Instructions.</u>

The parties shall meet and confer regarding the joint and disputed jury instructions. If any disputed instructions remain, the parties shall submit a document entitled "Joint Meet and Confer Index Re: Jury Instructions" as an exhibit to the meet and confer transcript, setting forth each disputed jury instruction along with a citation to the page and line number in the transcript where the instruction was discussed. The parties shall also set forth their positions as to why each disputed instruction is proper or improper, including citations to applicable case law and the record. Any disputed instruction that is not adequately discussed in the meet and confer will be disallowed.

    Counsel shall submit both general and substantive jury instructions in the form described below. Counsel must provide the documents described below in WordPerfect (the court's preference) or Word format. The parties should use the most recent version of the Ninth Circuit's <u>Manual of Model Civil Jury Instructions</u>, which is available on the Ninth Circuit's website,[4] for all applicable jury instructions. If there is no applicable Ninth Circuit model jury instruction, the parties should consult the current edition of O'Malley, <u>et</u> <u>al.</u>, <u>Federal Jury Practice and Instructions</u>. If neither the Ninth Circuit nor O'Malley provides an applicable jury instruction, the parties should consult the model jury instructions published by other Circuit Courts of Appeal. Where California law applies, counsel should use the current edition of the <u>Judicial Council of California Civil Jury Instructions</u> ("CACI"), which is available on the California Judicial Branch website.[5] **The parties shall not modify or supplement a model instruction's statement of applicable law** unless absolutely necessary and strongly supported by controlling case law or other persuasive authority. Each requested instruction shall: (a) cite the authority or source of the instruction; (b) be set forth

---

[3] To the extent the parties seek exclusion of any other exhibits based on the Motions in Limine, a separate order with the court's rulings will issue.

[4] http://www3.ce9.uscourts.gov/jury-instructions/model-civil.

[5] http://www.courts.ca.gov/partners/317.htm/civiljuryinstructions/.

in full; (c) be on a separate page; (d) be numbered; (e) cover only one subject or principle of law; and (f) not repeat principles of law contained in any other requested instruction.

The proposed jury instructions shall be submitted as follows:

1. **Joint Jury Instructions:** Counsel shall file a **joint set of jury instructions** on which the parties agree. Model jury instructions should be modified as necessary to fit the facts of the case, i.e., inserting names of defendant(s) or witness(es) to whom an instruction applies. Where language appears in brackets in the model instruction, counsel shall select the appropriate text and eliminate the inapplicable bracketed text. The court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law.

2. **Disputed Jury Instructions:** Counsel shall file a separate **joint set of disputed jury instructions** propounded by one party to which another party objects. On a separate page following each disputed jury instruction, the party opposing the instruction shall briefly state the basis for the objection, any authority in support thereof and, if applicable, an alternative instruction. On the following page, the party proposing the disputed instruction shall briefly state its response to the objection, and any authority in support of the instruction. Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction.

3. For both the Joint Jury Instructions and Disputed Jury Instructions, counsel must provide an index of all instructions submitted, which must include the following:

   a. the number of the instruction;
   b. the title of the instruction;
   c. the source of the instruction and any relevant case citations; and
   d. the page number of the instruction.

For example:

| Number | Title | Source | Page Number |
| --- | --- | --- | --- |
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

    4. The parties shall revise the disputed jury instructions, based on the court's ruling on disputed jury instruction No. 6, which overrules defendant's objection for the reasons set forth on the record. The parties shall meet and confer regarding the "unlawful acts" language.

    5. The parties shall further revise the jury instructions, based on the court's ruling on disputed jury instruction No. 7, overruling defendant's objections for the reasons set forth on the record.

    6. The parties shall further revise the jury instructions, and, where necessary, submit separate instructions for the state and federal equal pay claims.

    E.    <u>Special Verdict Form.</u>

The parties shall further meet and confer regarding the verdict form.

4. The parties may not file any additional motions <u>in limine</u>. The court makes the following determinations with respect to the parties' pending Motions in Limine.[6] These determinations shall be reflected in the parties revised pretrial filings.

    A.    For the reasons set forth on the record, plaintiff's Motion in Limine No. 1 is **granted** in part, with respect to the parent witnesses. The remaining portions of the motion are taken under submission.

    B.    For the reasons set forth on the record, plaintiff's Motion in Limine No. 2 is **granted**.

    C.    For the reasons set forth on the record, plaintiff's Motion in Limine No. 3 is **granted**.

---

[6] As the court indicated during the pretrial conference, a separate order that sets for the court's rulings on the parties' motions in limine will be issued at a later time.

  D. For the reasons set forth on the record, plaintiff's Motion in Limine No. 4 is **granted**.

  E. Plaintiff's Motion in Limine No. 5 is taken under submission.

  F. For the reasons set forth on the record, defendant's Motion in Limine No. 1 is **granted** in part and **denied** in part. Testimony and exhibits related to the 2017 National Collegiate Athletic Association investigation are excluded.

  G. For the reasons set forth on the record, defendant's Motion in Limine No. 2 is **denied.**

  H. Defendant's Motion in Limine No. 3 is taken under submission.

  I. For the reasons set forth on the record, defendant's Motion in Limine No. 4 is **denied**.

5. No later than **noon** on **Wednesday, February 7, 2018,** the parties shall file (and deliver to the court's mandatory chambers box) the following documents, each captioned as "First Amended": (a) [Proposed] Final Pretrial Conference Order; (b) Joint Exhibit Stipulation; (c) Joint Undisputed Jury Instructions and, if necessary, Joint Disputed Jury instructions; (d) Joint Statement of the Case; and (e) Special Verdict Form. Failure to file timely these pretrial documents may result in the imposition of sanctions. Revised witness lists are not required or allowed. However, any witness that was not included in the parties' initial witness lists will not be allowed to testify.

6. The parties shall email the documents referenced in paragraph 5 to the court's chambers email box (fmo_chambers@cacd.uscourts.gov) in Word or Word Perfect format.

7. No later than **noon on Tuesday, February 6, 2018**, the parties shall file simultaneous briefing regarding plaintiff's California Labor Code § 1102.5 claim. The briefing shall address (1) the merits of the claim in light of the reasons discussed on the record; and (2) whether defendant has waived any argument. The memoranda of points and authorities shall not exceed seven (7) pages.

8. No later than **noon on Thursday, February 8, 2018**, the parties shall file reply briefs, which shall not exceed five (5) pages.

9. The parties shall attend the another pretrial conference on **Friday, February 9, 2018, at 2:00 p.m.** in Courtroom 6D of the First Street Courthouse.

10. Failure to comply with this Order or the requirements of the court's previous orders may result in the imposition of sanctions.

Dated this 3rd day of February, 2018.

                                                               /s/
                                             Fernando M. Olguin
                                      United States District Judge