**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATHY NEUSHUL,<br><br>           Plaintiff,<br><br>    v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>           Defendant. | Case No. CV 15-6286 FMO (ASx)<br><br>**ORDER RE: SECOND PRETRIAL CONFERENCE** |

Having reviewed the parties' pretrial filings and pursuant to the pretrial conference held on February 9, 2018, the court concludes that the parties must meet and confer again and revise the pretrial documents as set forth below.[1]  Accordingly, IT IS ORDERED THAT:

1. The parties shall meet and confer telephonically, no later than **Tuesday, February 13, 2018**. The entire meet and confer shall be transcribed by a court reporter, the cost of which shall be divided equally by the parties. The transcript shall be lodged with the court by no later than **5:00 p.m.** on **Friday, February 16, 2018**. If the transcript does not demonstrate a good faith effort to comply with this Order and resolve all of the outstanding issues, sanctions may be imposed.

---

[1] To the extent that there is any conflict between this order and what was said on the bench during the pretrial conference, this order controls.

2. During the meet and confer, the parties must discuss, at a minimum, the: (a) proposed pretrial conference order, including stipulated facts; (b) pretrial exhibit stipulation; and, (c) special verdict form.

3. The parties shall revise and re-file their pretrial documents in accordance with the requirements set forth below. Note that this order may set forth some different and some additional requirements than those contained in the Local Rules. Failure to comply with these requirements may result in the imposition of sanctions and/or the dismissal of this action for lack of prosecution.

### A. Pretrial Conference Order

The parties shall further revise the pre-trial conference order as follows:

1. In section 5, the parties shall revise the non-contested facts to avoid duplication and correct typographical mistakes. Where appropriate, the parties shall add dates to aid the jury. For instance, in Admitted Fact No. 40, the parties shall add the date on which Wolf Wigo became head coach of the women's water polo team. The parties shall also delete any extraneous language.

2. In section 5, the parties shall attempt to agree on and set forth as many additional non-contested facts as possible.

3. In section 7, the parties shall cite to standard jury instructions, and where not available, to Ninth Circuit or California published appellate decisions. Each claim plaintiff has listed should cite either the pattern jury instruction or the case (or statute) that sets out the elements of the claim.

Defendant shall set forth its affirmative defenses and shall identify to which of plaintiff's claims each affirmative defense applies. With respect to the statute of limitations affirmative defense, defendant shall revise the citation to the relevant standard jury instruction.

Defendant shall remove the "legitimate business reason" defense, as this is not an appropriate affirmative defense.

Defendant shall revise the equal pay affirmative defenses to clearly identify the elements of the defenses and the supporting evidence for each.

4. In section 10, the parties shall reference the operative pretrial exhibit stipulation.

B. <u>Pretrial Exhibit Stipulation</u>.

The parties shall revise and narrow the Pretrial Exhibit Stipulation to include only those exhibits that the parties intend to introduce into evidence. Each objection must include the grounds for the objection (<u>e.g.</u>, a Federal Rule of Evidence) and an explanation of why the disputed exhibit is not admissible. Objections that merely set forth a rule of evidence without explanation, <u>e.g.</u>, "This is impermissible character evidence" will be overruled. All withdrawn exhibits shall be removed from the document.[2]

The parties shall file at the time the transcript is lodged a document entitled, "Joint Meet and Confer Index Re: Pretrial Exhibit Stipulation," setting forth every <u>disputed</u> exhibit along with a citation to the page and line number in the transcript where the disputed exhibit was discussed. The parties shall also set forth their positions as to why each disputed exhibit is admissible or inadmissible, including citations to applicable case law and the record. Any disputed exhibit that is not adequately discussed in the meet and confer may be excluded. The parties need not meet and confer regarding the exhibits in the Motions <u>in Limine</u> or those related to misconduct allegations against Connor Levoff.

To the extent possible, the parties shall revise the Pretrial Stipulation to comport with the court's forthcoming orders with respect to the Motions <u>in Limine</u>. The parties shall revise Exhibits 185-190 and 201 to comply with the Court's Order re: Further Proceedings regarding the use of discovery at trial. (<u>See</u> Dkt. 73, Court's Order of September 1, 2017).

---

[2] Exhibits that were not included as part of the initial Pretrial Exhibit Stipulation or the Motions in Limine will not be allowed in the revised pretrial exhibit stipulation.

Finally, for the reasons set forth on the record, Exhibit 200 is excluded.[3] This determination shall be reflected in the revised Pretrial Exhibit Stipulation submitted to the court.

### C. Special Verdict Form.

The parties shall further meet and confer regarding the verdict form. The parties shall list the claims in the special verdict form as set forth by the court at the hearing. Damages questions should follow each of the two sets of claims identified by the parties at the hearing.

### D. Jury Instructions.

The court will not give Disputed Jury Instruction No. 1. (See Dkt. 147, First Amended [] Disputed Jury Instructions ("Disputed Instructions")). Defendant's citation to Coghlan v. Am. Seafoods Co. LLC., 413 F.3d 1090, 1098 (9th Cir. 2005) is unpersuasive. That case discusses a presumption to be applied at summary judgment by the court – it does not discuss instructions to be given to the jury at trial, and defendant does not identify a Ninth Circuit, or any other model instruction for that matter, adopting defendant's proposed instruction. (See, generally, Disputed Instructions). Further, the "same-actor inference has lost some of its persuasive appeal in recent years." Husman v. Toyota Motor Corp., 12 Cal.App.5th. 1168, 1188 (2017). For those reasons, as well as the jury confusion that this instruction would cause in light of the other claims at issue in this case (e.g., retaliation claims), the court declines to give Disputed Instruction No. 1.[4]

4. No later than **5:00 p.m.** on **Tuesday, February 13, 2018**, the parties shall file simultaneous briefing regarding the admissibility of the Connor Levoff disputed exhibits.[5] The memoranda of points and authorities shall not exceed seven (7) pages. The parties shall identify all disputed exhibits in their briefing and lodge one copy of all disputed exhibits with the court. The exhibits shall be placed in a three-ring binder that is tabbed with exhibit numbers and delivered to the court no later than **Wednesday, February 14, 2018**.

---

[3] In any event, plaintiff indicated a willingness to withdraw the exhibit during the hearing.

[4] The court will determine whether it will give the remaining disputed instructions at trial.

[5] The court believes that the disputed exhibits are 399-402, 403-04, 406-07, 409-13, 415-20, and 424-26, but the parties should identify the relevant disputed exhibits.

     5. No later than **5:00 p.m.** on **Thursday, February 15, 2018**, the parties shall file reply briefs, which shall not exceed five (5) pages.

     6. No later than **5:00 p.m.** on **Friday, February 16, 2018,** the parties shall file (and deliver to the court's mandatory chambers box) the following documents, each captioned as "Second Amended": (a) [Proposed] Final Pretrial Conference Order; (b) Joint Exhibit Stipulation; (c) Special Verdict Form. Failure to file timely these pretrial documents may result in the imposition of sanctions.

     7. The parties shall email the documents referenced in paragraph 6 to the court's chambers email box (fmo_chambers@cacd.uscourts.gov) in Word or Word Perfect format.

     8. The parties shall attend the another pretrial conference on **Wednesday, February 21, 2018,** at **10:00 a.m.** in Courtroom 6D of the First Street Courthouse.

     9. Counsel for the parties, as well as Diane O'Brien, shall attend an evidentiary hearing on **Wednesday, February 21, 2018,** at **10:00 a.m.** in Courtroom 6D of the First Street Courthouse. Failure of the parties to produce the required witness may result in the imposition of sanctions. The following shall be submitted at the hearing: (1) All of the exhibits related to O'Brien's testimony, with official exhibit tags attached and bearing the same number shown on the exhibit list; (2) The three-ring binder of **original exhibits** with the court's exhibit tags, yellow tags for plaintiff and blue tags for defendant, stapled to the front of the exhibit at the upper right-hand corner with the case number, case name and exhibit number placed on each tag; (3) Two three-ring binders and one electronic file with a **copy** of each exhibit tabbed with exhibit numbers, as described above, for use by the court and the court's deputy clerk; (4) A three-ring binder containing a copy of all exhibits for use by the witness.

     10. Failure to comply with this Order or the requirements of the court's previous orders may result in the imposition of sanctions.

Dated this 10th day of February, 2018.

                                                         /s/
                                        Fernando M. Olguin
                                    United States District Judge